UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

ITALO RAFAEL BRETT BONINI

Case No. 6:25-cr-55-JSS-DCI
18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Enticement of a Minor to Engage in Sexual Activity)

On or about January 12, 2025, in the Middle District of Florida, and elsewhere, the defendant,

ITALO RAFAEL BRETT BONINI,

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, Child Victim-1, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: sexual exploitation of children, in violation of 18 U.S.C. § 2251(a).

In violation of 18 U.S.C. § 2422(b).

### COUNT TWO
(Sexual Exploitation of Children)

On or about January 12, 2025, in the Middle District of Florida, and elsewhere, the defendant,

ITALO RAFAEL BRETT BONINI,

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce, a minor, that is, Child Victim-1, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a).

## COUNT THREE
### (Enticement of a Minor to Engage in Sexual Activity)

On or about January 12, 2025, in the Middle District of Florida, and elsewhere, the defendant,

ITALO RAFAEL BRETT BONINI,

using a facility and means of interstate commerce, did knowingly attempt to persuade, induce, entice, and coerce Child Victim-2, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: sexual exploitation of children, in violation of 18 U.S.C. § 2251(a).

In violation of 18 U.S.C. § 2422(b).

## **FORFEITURE**

1.    The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2.    Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a.    any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

    b.    any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3.    Upon conviction of a violation of 18 U.S.C. §§ 2251(a), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a.    Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

     c.     Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

    4.     The property to be forfeited includes, but is not limited to, the following: an Apple iMac desktop, which was seized pursuant to a search warrant on February 4, 2025.

    5.     If any of the property described above, as a result of any act or omission of the defendant:

       a.    cannot be located upon the exercise of due diligence;

       b.    has been transferred or sold to, or deposited with, a third person;

       c.    has been placed beyond the jurisdiction of the Court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).



SARA C. SWEENEY
Acting United States Attorney

By: _____
Brandon Cruz
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

ITALO RAFAEL BRETT BONINI

## INDICTMENT

Violation:

18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)

Filed in open court this 26th day of February, 2025.

_____
Clerk

Bail $_____

GPO 863 525